GUTHMAN, SOLOMONS & CO. v. UNITED STATES.

(Circuit Court, S. D. New York. July 11, 1906.)

No. 4,157.

CUSTOMS DUTIES—NEEDLECASES—COVERINGS.

So-called furnished needlecases, consisting of books or cases for holding needles during transportation and while the needles in them are being used, are not usual coverings, being used otherwise than in bona fide transportation of the needles, within the meaning of Customs Administrative Act June 10, 1890, c. 407, § 19, 26 Stat. 139 [U. S. Comp. St. 1901, p. 1924], relating to coverings consisting of "any unusual article or form designed for use otherwise than in the bona fide transportation" of merchandise to the United States.

On Application for Review of a Decision of the Board of United States General Appraisers.

The decision below related to so-called furnished needlecases containing needles, the cases being composed of paper. In some instances paper was the component material of chief value in the entire article, in others the value of the needles exceeded that of the paper. The point in issue is whether the cases should be treated as coverings, under Customs Administrative Act June 10, 1890, c. 407, § 19, 26 Stat. 139 [U. S. Comp. St. 1901, p. 1924], and, if so, whether as usual or as unusual, coverings, or whether the goods should be considered as entireties. The importers contended that the needles should be classified free of duty under the provision for needles in Tariff Act July 24, 1897, c. 11, § 2, Free List, par. 620, 30 Stat. 199 [U. S. Comp. St. 1901, p. 1685], and that the cases, as usual coverings, would accordingly also be free; also, in the alternative, that the cases should be classified as manufactures of paper, under section 1, Schedule M, par. 407, 30 Stat. 189 [U. S. Comp. St. 1901, p. 1673]. The collector treated the goods as entireties composed of paper and metal, and where the metal (needles) was the more valuable element, classified them as manufactures of metal, under Schedule C, par. 193, § 1, c. 11, 30 Stat. 167 [U. S. Comp. St. 1901, p. 1645], and where the cases exceeded the needles in value, classified them as manufactures in chief value of paper, under said paragraph 407. This classification was affirmed by the Board of General Appraisers, on the authority of a former decision, G. A. 6,220, T. D. 26,887.

The pertinent portion of said section 19 reads as follows:

"Sec. 19. That whenever imported merchandise is subject to an ad valorem rate of duty, * * * the duty shall be assessed upon the actual value, * * * including the value of all cartons, cases * * * and coverings of any kind, * * * and if there be used for covering or holding imported merchandise * * * any unusual article or form designed for use otherwise than in the bona fide transportation of such merchandise to the United States, additional duty shall be levied and collected upon such material or article at the rate to which the same would be subject if separately imported."

Comstock & Washburn (Albert H. Washburn, of counsel), for importers.

Charles Duane Baker, Asst. U. S. Atty.

WHEELER, District Judge. These are needlebooks, or cases for holding needles during transportation to this country and afterwards till the needles in them should be used up. This appears both from the testimony before the Board and that in this court. This is a use "otherwise than in bona fide transportation" of the articles to this country, and therefore they seem to be dutiable as they were assessed.

Decision affirmed.